# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFORY FRY,<br><br>                    Plaintiff,<br>    v.<br><br>SAN DIEGO COUNTY; SAN DIEGO COUNTY SHERIFF'S DEPARTMENT; WILLIAM GORE; J. BRENEMAN; MICHAEL STILFIELD; ALDO HERNANDEZ; and JOSE MARTINEZ,<br><br>                    Defendants. | CASE NO. 15cv2796 JM(BLM)<br><br>ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS; GRANTING LEAVE TO AMEND |

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendants San Diego County ("County"), San Diego County Sheriff's Department ("SDSD"), William Gore, J. Breneman, Michael Stilfield, Aldo Hernandez, and Jose Martinez move to dismiss Plaintiff Jeffory Fry's First Amended Complaint ("FAC") for failure to state a claim. Plaintiff opposes the motion. Pursuant to Local Rule 7.1(d)(1), the court finds the matters presented appropriate for resolution without oral argument. For the reasons set forth below, the court grants in part and denies in part the motion to dismiss and grants Plaintiff 15 days leave to amend from the date of entry of this order.

## BACKGROUND

Plaintiff filed the original civil rights complaint on December 11, 2015, and the FAC on May 3, 2016. Plaintiff alleges five state law claims against defendants J.

1  Breneman; Michael Stilfield; Aldo Hernandez; and Jose Martinez ("collectively
2  "Individual Officers") for excessive force, assault, battery, intentional infliction of
3  emotional distress, and negligence; three claims for violation of 42 U.S.C. §1983
4  against Defendants William Gore, County, and SDSD (collectively "Municipal
5  Defendants") for failure to properly screen and hire, to properly train, and to supervise
6  and discipline its police officers; one claim for violation of 42 U.S.C. §1983 against
7  County for maintaining a policy of excessive force; and one claim against all
8  Defendants for violation of Cal. Civil Code §52.1.  Plaintiff's claims arise from the
9  following generally alleged conduct.

10  On November 25, 2013, two SDSD officers conducted surveillance on a
11  residence located in Ramona, California.  The officers allegedly observed two
12  individuals (Colin Bechter and Christopher Donsesk) with outstanding felony arrest
13  warrants ("Arrestees") at the residence. Both Arrestees had Fourth Amendment search
14  waivers.  The SDSD officers also observed two other individuals who lived at the
15  residence.  The SDSD officers terminated surveillance, and returned early the
16  following morning with a team of officers. The officers knocked on the door and, when
17  no one answered after about ten seconds, SDSD officers allegedly broke windows and
18  doors to enter the residence.

19  Plaintiff and his live-in girlfriend were asleep in a back bedroom.. Plaintiff is a
20  56-year-old man who suffers from COPD, and is on permanent disability.  When the
21  officers entered the bedroom, Plaintiff was undressed.  Plaintiff was told to hurry up
22  and get dressed.  As he was getting dressed, Defendant Stilfield grabbed him by the arm
23  and pushed him onto the floor.  The Individual Officers then allegedly began to kick,
24  punch and stomp on Plaintiff. Plaintiff suffered "a right facial laceration requiring three
25  sutures, neck strain, shoulder strain, an abrasion to bi-lateral shoulders, abrasions to left
26  top head, bruising on left side of face, and skin tears on left upper arm, left finger, and
27  right elbow."  (FAC 47).

28

# DISCUSSION

**Legal Standards**

Federal Rule of Civil Procedure 12(b)(6) dismissal is proper only in "extraordinary" cases. United States v. Redwood City, 640 F.2d 963, 966 (9th Cir. 1981). Courts should grant 12(b)(6) relief only where a plaintiff's complaint lacks a "cognizable legal theory" or sufficient facts to support a cognizable legal theory. Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990). Courts should dismiss a complaint for failure to state a claim when the factual allegations are insufficient "to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (the complaint's allegations must "plausibly suggest[]" that the pleader is entitled to relief); Ashcroft v. Iqbal, 556 U.S. 662 (2009) (under Rule 8(a), well-pleaded facts must do more than permit the court to infer the mere possibility of misconduct). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. at 678. Thus, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. The defect must appear on the face of the complaint itself. Thus, courts may not consider extraneous material in testing its legal adequacy. Levine v. Diamanthuset, Inc., 950 F.2d 1478, 1482 (9th Cir. 1991). The courts may, however, consider material properly submitted as part of the complaint. Hal Roach Studios, Inc. v. Richard Feiner and Co., 896 F.2d 1542, 1555 n.19 (9th Cir. 1989).

Finally, courts must construe the complaint in the light most favorable to the plaintiff. Concha v. London, 62 F.3d 1493, 1500 (9th Cir. 1995), cert. dismissed, 116 S. Ct. 1710 (1996). Accordingly, courts must accept as true all material allegations in the complaint, as well as reasonable inferences to be drawn from them. Holden v. Hagopian, 978 F.2d 1115, 1118 (9th Cir. 1992). However, conclusory allegations of law and unwarranted inferences are insufficient to defeat a Rule 12(b)(6) motion. In Re Syntex Corp. Sec. Litig., 95 F.3d 922, 926 (9th Cir. 1996).

Pleading Civil Rights Claims

Prior to Iqbal and Twombly, "a claim of municipal liability under § 1983 is sufficient to withstand a motion to dismiss even if the claim is based on nothing more than a bare allegation that the individual officers' conduct conformed to official policy, custom, or practice." Whitaker v. Garcetti, 486 F.3d 572, 581 (9th Cir.2007). In addressing the impact of Iqbal and Twombly on the pleading standards for civil rights cases, the Ninth Circuit recently stated:

> we can at least state the following two principles common to all of them. First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

AE ex rel. Hernandez v. County of Tulare, 666 F.3d 631,637 (9th Cir. 2012) (quoting Starr v. Baca, 652 F.3d 1202 (9th Cir.2011)).

**The Statute of Limitations**

Defendants contend that both state and federal law claims are time barred. Under state law, a government claim must be timely filed with the public entity before an action for money damages may be brought against the entity. Cal. Gov't Code §§905, 945.4. Plaintiff allegedly timely filed his Government Code claim on May 7, 2014, and the claim was rejected in writing on June 23, 2014. Once a claim is rejected, an action must then be commenced within six months. Cal. Gov't Code §945.6. As Plaintiff did not commence this action until December 11, 2015, Defendants conclude that all state claims are time-barred.

Plaintiff correctly notes that Cal. Gov't Code §945.3 provides that an individual is prohibited from filing civil actions against peace officers or public entities while charges are pending. The provision also specifically tolls the statute of limitations while charges are pending. Here, following the incidents on November 26, 2013,

Plaintiff was charged with resisting an officer in violation Penal code §148(a)(1). He was convicted on June 8, 2015. As charges were pending against Plaintiff for over 18 months, the statute of limitations was tolled for an equal period of time. Consequently, the state law claims were timely filed.

Defendants also move to dismiss the 42 U.S.C. §1983 claims as time barred by the two year statute of limitations of Cal. Civ.Proc. Code §335.1. As the federal claims are also tolled by operation of Cal. Gov't Code §945.3, the court denies the motion to dismiss the federal claims.

In sum, the court denies the motion to dismiss based upon the statute of limitations.

**Heck v. Humphrey**

Defendants contend that all claims are barred because they constitute an impermissible collateral attack on Plaintiff's criminal conviction for resisting a police officer. In Heck v. Humphry, 512 U.S. 477 (1994), the Supreme Court held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness could render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a writ of habeas corpus." 512 U.S. at 486-87. A claim for damages which bears a direct relationship to the length or validity of a sentence which has not already been shown to be invalid is not cognizable under § 1983. Id. at 48.

Here, Heck does not apply to Plaintiff's claims because, even assuming that the Individual Defendants used excessive force, this claim is neither dependent upon, nor undermined by the state jury's conclusion that Plaintiff resisted a police officer. See Hooper v. City of San Diego, 629 F.3d 1127 (9th Cir. 2011).

In sum, the court denies the motion to dismiss based upon Heck v. Humphry.

**Municipal Liability**

Defendants move to dismiss the four municipal liability claims (claims 6 - 9) on the ground that the FAC's allegations are conclusory and fail to state a claim for municipal liability. Under 42 U.S.C. § 1983, "[e]very person" who acts under color of state law may be sued. The term "person" has been interpreted broadly, even to include cities, counties, and other local government entities. See Monell v. New York City Dep't of Social Services, 436 U.S. 658 (1978). Municipalities, their agencies and their supervisory personnel cannot be held liable under section 1983 on any theory of respondeat superior or vicarious liability. They can, however, be held liable for deprivations of constitutional rights resulting from their formal policies or customs. See Monell, 436 U.S. at 691-693; Watts v. County of Sacramento, 256 F.3d 886, 891 (9th Cir. 2001); Shaw v. California Dep't of Alcoholic Beverage Control, 788 F.2d 600, 610 (9th Cir. 1986).

Locating a "policy" ensures that a municipality "is held liable only for those deprivations resulting from the decisions of its duly constituted legislative body or of those officials whose acts may be fairly said to be those of the municipality." Board of the County Comm'rs of Bryan County, Oklahoma v. Brown, 520 U.S. 397, 403-04 (1997) (citing Monell, 436 U.S. at 694). Similarly, an act performed pursuant to a "custom" which has not been "formally approved by an appropriate decisionmaker may fairly subject a municipality to liability on the theory that the relevant practice is so widespread as to have the force of law." Id. (citing Monell, 436 U.S. at 690-691); see also Jett v. Dallas Indep. Sch. Dist., 491 U.S. 701, 737 (1989) (holding that municipal liability under § 1983 may be shown if Plaintiff proves that the employee committed alleged constitutional violation pursuant to a "longstanding practice or custom which constitutes the 'standard operating procedure' of the local government entity.").

"To bring a § 1983 claim against a local government entity, a plaintiff must plead that a 'municipality's policy or custom caused a violation of the plaintiff's constitutional rights." Ass'n for Los Angeles Deputy Sheriffs v. Cnty. of Los Angeles, 648 F.3d 986,

992-93 (9th Cir. 2011). A plaintiff must show (1) he possessed a constitutional right of which he was deprived, (2) the municipality had a policy, (3) the policy amounts to deliberate indifference to the plaintiff's constitutional right, and (4) the policy is the "moving force behind the constitutional violation." Anderson v. Warner, 451 F.3d 1063, 1070 (9th Cir. 2006). "For a policy to be the moving force behind the deprivation of a constitutional right, the identified deficiency in the policy must be closely related to the ultimate injury," and the plaintiff must establish "that the injury would have been avoided had proper policies been implemented." Long v. Cnty. of Los Angeles, 442 F.3d 1178, 1190 (9th Cir. 2006).

Plaintiff alleges that the Municipal Defendants are liable under 42 U.S.C. §1983 for failure to properly screen and hire police officers (claim 6), failure to properly train police officers (claim 7), and failure to supervise and discipline police officers (claim 8). Claim 9 is a municipal liability claim asserted against the County only. Plaintiff does not set forth any specific allegations against these Municipal Defendants, only conclusory allegations.

Here, the FAC's generalized and conclusory allegations fail to state a claim against any of the Municipal Defendants. Plaintiff alleges that the Municipal Defendants "possessed the power and authority to adopt policies and prescribe rules, regulations and practices affecting all facets of the training, supervision, control, employment, assignment and removal of individual members of the SDSD," (FAC ¶16), and failed, "as a matter of policy, custom and practice," (FAC ¶¶83, 84), "to provide adequate training [and screening and supervision] to police officers on the proper protocol and procedure on detention and arrest for citizens [and excessive force]." (FAC ¶¶83, 84, 91, 98, 100, 108). After Iqbal, boilerplate allegations and "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a claim. Iqbal, 56 U.S. at 662.

In sum, the court dismisses all claims against the Municipal Defendants.[1]

In conclusion, the court denies the motion to dismiss the claims against the Individual Defendants, grants the motion to dismiss the claims against the Municipal Defendants, and grants Plaintiff 15 days leave to amend from the date of entry of this order.

**IT IS SO ORDERED.**

DATED: October 21, 2016

Hon. Jeffrey T. Miller
United States District Judge

cc: All parties

---

[1] The court does not address other potentially meritorious arguments raised by the Municipal Defendants.