1

2

3

4

5

6

7

8                            **UNITED STATES DISTRICT COURT**

9                            **SOUTHERN DISTRICT OF CALIFORNIA**

10   JEFFORY FRY,                              CASE NO. 15cv2796 JM(BLM)

11                              Plaintiff,     ORDER GRANTING IN PART AND
                                               DENYING IN PART MOTION TO
12          v.                                 DISMISS

13   SAN DIEGO COUNTY; SAN DIEGO
     COUNTY SHERIFF'S
14   DEPARTMENT; WILLIAM GORE;
     J. BRENEMAN; MICHAEL
15   STILFIELD; ALDO HERNANDEZ;
     and JOSE MARTINEZ,
16
                             Defendants.
17

18          Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendants San Diego

19   County ("County"), San Diego County Sheriff's Department ("SDSD") , William Gore

20   ("Gore"), J. Breneman, Michael Stilfield, Aldo Hernandez, and Jose Martinez move to

21   dismiss Plaintiff Jeffory Fry's Second Amended Complaint ("SAC") for failure to state

22   a claim.  Plaintiff opposes the motion.  Pursuant to Local Rule 7.1(d)(1), the court finds

23   the matters presented appropriate for resolution without oral argument.  For the reasons

24   set forth below, the court grants the motion to dismiss San Diego County (also

25   erroneously sued as San Diego County Police Department) and William Gore as

26   parties, without leave to amend, and denies the remainder of Defendants' motion.

27   / / /

28   / / /

**BACKGROUND**

1  
2     Plaintiff filed the original civil rights complaint on December 11, 2015, and the  
3  SAC on November 4, 2016.  Plaintiff alleges five state law claims against defendants  
4  J. Breneman, Michael Stilfield, Aldo Hernandez, and Jose Martinez ("collectively  
5  "Individual Defendants") for excessive force, assault, battery, intentional infliction of  
6  emotional distress, and negligence; one claim for violation of 42 U.S.C. §1983 against  
7  Defendant County of San Diego for failure to properly train its police officers; and one  
8  claim against all Defendants for violation of Cal. Civil Code §52.1.  Plaintiff's claims  
9  arise from the following generally alleged conduct.  
10     On November 25, 2013, two SDSD officers conducted surveillance on a  
11  residence located in Ramona, California.   The officers allegedly observed two  
12  individuals (Colin Bechter and Christopher Donsesk) with outstanding felony arrest  
13  warrants ("Arrestees") at the residence.  Both Arrestees had Fourth Amendment search  
14  waivers.   The SDSD officers also observed two other individuals who lived at the  
15  residence.  The SDSD officers terminated surveillance, and returned early the following  
16  morning with a team of officers.  The officers knocked on the door and, when no one  
17  answered after about ten seconds, SDSD officers allegedly broke windows and doors  
18  to enter the residence.  
19     Plaintiff and his live-in girlfriend were asleep in a back bedroom.  Plaintiff is a  
20  56-year-old man who suffers from COPD, and is on permanent disability.  When the  
21  officers entered the bedroom, Plaintiff was undressed.  Plaintiff was told to hurry up  
22  and get dressed.  As he was getting dressed, Defendant Stilfield allegedly grabbed him  
23  by the arm and pushed him onto the floor.  The Individual Defendants then allegedly  
24  began to kick, punch and stomp on Plaintiff.  Plaintiff suffered "a right facial laceration  
25  requiring three sutures, neck strain, shoulder strain, an abrasion to bi-lateral shoulders,  
26  abrasions to left top head, bruising on left side of face, and skin tears on left upper arm,  
27  left finger, and right elbow."  (SAC 48).  
28     Plaintiff's <u>Monell</u> claim seeks to assert a municipal liability claim against

County on grounds that it ratified "the illegal and unconstitutional conduct of their subordinate SDSD officers," and maintained "an actual or de facto policy that encouraged and/or tolerated the violations of citizens' rights by SDSD officers." (SAC ¶86). County allegedly failed "to adequately train, supervise, and control police officers in the arts of law enforcement. . . . [and] failed to adequately discipline police offices involved in misconduct." (¶¶87(c) and (d). In support of these allegations, Plaintiff identifies several incidents from 2009 to the present involving encounters between SDSD officers and citizens. (SAC ¶87(b). The alleged incidents, not involving Defendants, involved the use of a Taser on a 13 year-old; excessive force applied a 70 year-old woman; the false arrest of a 61 year-old woman; excessive force applied to a handcuffed individual at Harrah's Resort; a Deputy Sheriff who stalked a woman; another Deputy Sheriff who responded to a noise complaint at a Democratic Party fundraiser and threw an individual to the ground, resulting in a $1.2 million settlement; Sheriff Gore allegedly condoning the repeated use of a Taser by one of the officers; another Deputy Sheriff assaulted and battered an individual, resulting in a $100,000 verdict; and Sheriff Gore allegedly condoning the false arrest of another Sheriff's Deputy. Id.

## DISCUSSION

### Legal Standards

Federal Rule of Civil Procedure 12(b)(6) dismissal is proper only in "extraordinary" cases. United States v. Redwood City, 640 F.2d 963, 966 (9th Cir. 1981). Courts should grant 12(b)(6) relief only where a plaintiff's complaint lacks a "cognizable legal theory" or sufficient facts to support a cognizable legal theory. Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990). Courts should dismiss a complaint for failure to state a claim when the factual allegations are insufficient "to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (the complaint's allegations must "plausibly suggest[]" that the pleader is entitled to relief); Ashcroft v. Iqbal, 556 U.S. 662 (2009)

1    (under Rule 8(a), well-pleaded facts must do more than permit the court to infer the
2    mere possibility of misconduct).  "The plausibility standard is not akin to a 'probability
3    requirement,' but it asks for more than a sheer possibility that a defendant has acted
4    unlawfully."  Id. at 678.  Thus, "threadbare recitals of the elements of a cause of action,
5    supported by mere conclusory statements, do not suffice."  Id.  The defect must appear
6    on the face of the complaint itself.  Thus, courts may not consider extraneous material
7    in testing its legal adequacy.  Levine v. Diamanthuset, Inc., 950 F.2d 1478, 1482 (9th
8    Cir. 1991).  The courts may, however, consider material properly submitted as part of
9    the complaint.  Hal Roach Studios, Inc. v. Richard Feiner and Co., 896 F.2d 1542, 1555
10   n.19 (9th Cir. 1989).

11       Finally, courts must construe the complaint in the light most favorable to the
12   plaintiff.  Concha v. London, 62 F.3d 1493, 1500 (9th Cir. 1995), cert. dismissed, 116
13   S. Ct. 1710 (1996).  Accordingly, courts must accept as true all material allegations in
14   the complaint, as well as reasonable inferences to be drawn from them.  Holden v.
15   Hagopian, 978 F.2d 1115, 1118 (9th Cir. 1992).  However, conclusory allegations of
16   law and unwarranted inferences are insufficient to defeat a Rule 12(b)(6) motion.  In
17   Re Syntex Corp. Sec. Litig., 95 F.3d 922, 926 (9th Cir. 1996).

18   Pleading Civil Rights Claims

19       Prior to Iqbal and Twombly, "a claim of municipal liability under § 1983 is
20   sufficient to withstand a motion to dismiss even if the claim is based on nothing more
21   than a bare allegation that the individual officers' conduct conformed to official policy,
22   custom, or practice."   Whitaker v. Garcetti, 486 F.3d 572, 581 (9th Cir.2007).  In
23   addressing the impact of Iqbal and Twombly on the pleading standards for civil rights
24   cases, the Ninth Circuit recently stated:

25           we can at least state the following two principles common to all of them.
             First, to be entitled to the presumption of truth, allegations in a complaint
26           or counterclaim may not simply recite the elements of a cause of action,
             but must contain sufficient allegations of underlying facts to give fair
27           notice and to enable the opposing party to defend itself effectively.
             Second, the factual allegations that are taken as true must plausibly
28           suggest an entitlement to relief, such that it is not unfair to require the

opposing party to be subjected to the expense of discovery and continued litigation.

AE ex rel. Hernandez v. County of Tulare, 666 F.3d 631,637 (9th Cir. 2012) (quoting Starr v. Baca, 652 F.3d 1202 (9th Cir.2011)).

**Municipal Liability**

County and Gore move to dismiss the Monell claim (the Sixth Cause of Action) on the ground that the SAC's allegations are conclusory and fail to state a claim for municipal liability. Under 42 U.S.C. § 1983, "[e]very person" who acts under color of state law may be sued. The term "person" has been interpreted broadly, even to include cities, counties, and other local government entities. See Monell v. New York City Dep't of Social Services, 436 U.S. 658 (1978). Municipalities, their agencies and their supervisory personnel cannot be held liable under §1983 on any theory of respondeat superior or vicarious liability. They can, however, be held liable for deprivations of constitutional rights resulting from their formal policies or customs. See Monell, 436 U.S. at 691-693; Watts v. County of Sacramento, 256 F.3d 886, 891 (9th Cir. 2001); Shaw v. California Dep't of Alcoholic Beverage Control, 788 F.2d 600, 610 (9th Cir. 1986).

Locating a "policy" ensures that a municipality "is held liable only for those deprivations resulting from the decisions of its duly constituted legislative body or of those officials whose acts may be fairly said to be those of the municipality." Board of the County Comm'rs of Bryan County, Oklahoma v. Brown, 520 U.S. 397, 403-04 (1997) (citing Monell, 436 U.S. at 694). Similarly, an act performed pursuant to a "custom" which has not been "formally approved by an appropriate decisionmaker may fairly subject a municipality to liability on the theory that the relevant practice is so widespread as to have the force of law." Id. (citing Monell, 436 U.S. at 690-691); see also Jett v. Dallas Indep. Sch. Dist., 491 U.S. 701, 737 (1989) (holding that municipal liability under § 1983 may be shown if Plaintiff proves that the employee committed an alleged constitutional violation pursuant to a "longstanding practice or custom which constitutes the 'standard operating procedure' of the local government entity.").

"To bring a § 1983 claim against a local government entity, a plaintiff must plead that a 'municipality's policy or custom caused a violation of the plaintiff's constitutional rights." <u>Ass'n for Los Angeles Deputy Sheriffs v. Cnty. of Los Angeles</u>, 648 F.3d 986, 992-93 (9th Cir. 2011).  A plaintiff must show (1) he possessed a constitutional right of which he was deprived, (2) the municipality had a policy, (3) the policy amounts to deliberate indifference to the plaintiff's constitutional right, and (4) the policy is the "moving force behind the constitutional violation." <u>Anderson v. Warner</u>, 451 F.3d 1063, 1070 (9th Cir. 2006).  "For a policy to be the moving force behind the deprivation of a constitutional right, the identified deficiency in the policy must be closely related to the ultimate injury," and the plaintiff must establish "that the injury would have been avoided had proper policies been implemented." <u>Long v. Cnty. of Los Angeles</u>, 442 F.3d 1178, 1190 (9th Cir. 2006).

Plaintiff alleges that the County and Gore are liable under 42 U.S.C. §1983 for (1) "failure to adequately train, supervise, and control police officers in the arts of law enforcement," (SAC ¶87(c)); (2) "failure to adequately discipline police officers involved in misconduct and promoting offices engaged in false arrest and excessive force," (SAC ¶87(d)); and (3) condoning and encouraging police officers in the belief that they can violate the rights of persons such as the Plaintiff in this action with impunity." (SAC ¶87(e).  Plaintiff does not set forth any specific allegations against either County or Gore.

Here, like the earlier complaints, the SAC's generalized and conclusory allegations fail to state a claim against County or Gore.  <u>See Iqbal</u>, 56 U.S. at 662 (boilerplate allegations and  "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a claim). While such bare-bones allegations would likely have satisfied the pleading standard prior to <u>Iqbal</u>, the SAC is devoid of factual allegations supporting Plaintiff's claim.  In broad brush, Plaintiff alleges that County and Gore maintain unconstitutional policies because he

was subjected to alleged unconstitutional conduct by the Individual Defendants.  Such circular reasoning is insufficient to establish a §1983 claim under Iqbal.  Furthermore, Plaintiff's factual allegations to the effect that several Deputy Sheriffs, but none of Defendants, engaged in false arrest, use of excessive force, or unconstitutional searches since 2009, (SAC ¶87(b)), do not provide factual support for Plaintiff's Monell claims.  Rather, of the tens of thousands of citizen contacts with SDSD, and thousands of arrests since 2009, Plaintiff identifies only three or four highly disputed incidents of claimed excessive force being applied by Deputy Sheriffs.[1]  These alleged incidents share no common theme, practice, or pattern other than they involved a case of force.  Even so, given their brief description, it is highly unlikely that evidence of any such incident would be admissible under Fed. R. Evid.  403.  Rather than establishing that County and Gore's standard operating procedures involve the unconstitutional failure to train, supervise, and control police officers, the allegations reveal that unconstitutional conduct is extremely rare and do not support an inference that such conduct is a commonplace occurrence reflecting an illegal policy, custom, or practice of either County or Gore.

While the court dismisses the Monell claim without leave to amend, nothing in this order prevents from Plaintiff seeking leave to amend to assert a Monell claim in the event discovery reveals a basis for a Monell claim.  Of course, any motion for leave to amend must be filed within the time limits to be set in the scheduling order by Magistrate Judge Major.

In sum, the court grants the motion to dismiss Defendants County and Gore without leave to amend.

**Heck v. Humphrey**

Defendants renew their contention that all claims are barred under Heck v. Humphrey, 512 U.S. 477 (1994), because they constitute an impermissible collateral

---

[1]Pursuant to Fed. R. Evid. 201, the court takes judicial notice of http://www.sdsheriff.net/crimeanalysis.html (Last visited February 3, 2017).

attack on Plaintiff's criminal conviction for resisting a police officer.  As set forth in its earlier Order, <u>Heck</u> does not apply to Plaintiff's claims because, even assuming that the Individual Defendants used excessive force, this claim is neither dependent upon, nor undermined by the state jury's conclusion that Plaintiff resisted a police officer. <u>See</u> <u>Hooper v. City of San Diego</u>, 629 F.3d 1127 (9th Cir. 2011).  Accordingly, the court denies the motion to dismiss based upon <u>Heck v. Humphrey</u>.

In sum, the court grants the motion to dismiss County and Gore for failure to state a claim, and denies the remainder of Defendants' motion.[2]

**IT IS SO ORDERED.**

DATED:  February 8, 2017

Hon. Jeffrey T. Miller
United States District Judge

cc:        All parties

---

[2] Plaintiff does not oppose the dismissal of SDSD as an improper party in this §1983 action.