# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFORY FRY,<br><br>                                   Plaintiff,<br>v.<br><br>SAN DIEGO COUNTY; SAN DIEGO COUNTY SHERIFF'S DEPARTMENT; WILLIAM GORE; J. BRENEMAN; MICHAEL STILFIELD; ALDO HERNANDEZ; JOSE MARTINEZ and,<br><br>                                  Defendants. | CASE NO. 15cv2796 JM(BLM)<br><br>ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS |

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendants San Diego County ("County"), San Diego County Sheriff's Department ("SDSD") , William Gore ("Gore"), J. Breneman, Michael Stilfield, Aldo Hernandez, and Jose Martinez move to dismiss claims and a party from Plaintiff Jeffory Fry's Third Amended Complaint ("TAC"). Plaintiff opposes the motion. Pursuant to Local Rule 7.1(d)(1), the court finds the matters presented appropriate for resolution without oral argument. For the reasons set forth below, the court grants the motion to dismiss San Diego County (also erroneously sued as San Diego County Police Department) and William Gore as parties to the Monell claim with prejudice and without leave to amend, denies the motion to dismiss the state law claims as time-barred, and denies the motion to dismiss Defendant Michael McNeil as a party to this action.

# BACKGROUND

Plaintiff filed the original civil rights complaint on December 11, 2015, and the TAC on August 4, 2017. The TAC alleges six claims against defendants J. Breneman, Michael Stilfield, Aldo Hernandez, and Jose Martinez ("collectively "Individual Defendants") for excessive force, assault, battery, intentional infliction of emotional distress, negligence, and violation of Cal.Civ.Code §52.1. The TAC also alleges two claims against County and Gore under a Monell theory of liability and for violation of Cal.Civ.Code §52.1 Plaintiff's claims arise from the following generally alleged conduct.

On November 25, 2013, two SDSD officers conducted surveillance on a residence located in Ramona, California. The officers allegedly observed two individuals (Colin Bechter and Christopher Donsesk) with outstanding felony arrest warrants ("Arrestees") at the residence. Both Arrestees had Fourth Amendment search waivers. The SDSD officers also observed two other individuals who lived at the residence. The SDSD officers terminated surveillance, and returned early the following morning with a team of officers. The officers knocked on the door and, when no one answered after about ten seconds, SDSD officers allegedly broke windows and doors to enter the residence.

Plaintiff and his live-in girlfriend were asleep in a back bedroom. Plaintiff is a 56-year-old man who suffers from COPD, and is on permanent disability. When the officers entered the bedroom, Plaintiff was undressed. Plaintiff was told to hurry up and get dressed. As he was getting dressed, Defendant Stilfield allegedly grabbed him by the arm and pushed him onto the floor. The Individual Defendants then allegedly began to kick, punch and stomp on Plaintiff. Plaintiff suffered "a right facial laceration requiring three sutures, neck strain, shoulder strain, an abrasion to bi-lateral shoulders, abrasions to left top head, bruising on left side of face, and skin tears on left upper arm, left finger, and right elbow." (TAC ¶51).

After being transported to the hospital, Plaintiff alleges that Defendant McNeil

requested that the emergency room doctors withdraw blood. The blood was allegedly taken without his consent, probable cause, or obtaining a warrant. Defendant further alleges that Defendant "Mr. McNeill either performed this conduct on his own, or at the direction and in concert with the remaining police officer defendants." (TAC ¶37).

Plaintiff's Monell claim seeks to assert a municipal liability claim against County and Gore on grounds that they ratified "the illegal and unconstitutional conduct of their subordinate SDSD officers," and maintained "an actual or de facto policy that encouraged and/or tolerated the violations of citizens' rights by SDSD officers." (TAC ¶96). Among other things, Plaintiff alleges that County and Gore acted:

> with deliberate indifference, gross negligence, and reckless disregard for the safety, security, and constitutional and statutory rights of Plaintiff, maintained, enforced tolerated, permitted, acquiesced in, and applied policies, practices, or customs that caused or allowed Officers [to take] Mr. Fry's blood in violation of his Fourth Amendment rights against unreasonable searches and seizures.

(TAC ¶97). Furthermore, in conclusory fashion, Plaintiff alleges that deputies with SDSD have "engaged in a number of acts of misconduct that have been condoned, ignored, and otherwise permitted to continue by" County and Gore and "have no intentions to stop the ongoing misconduct by Sheriff Deputies." (TAC ¶103).

On February 8, 2017, the court dismissed the Monell claim against County and Gore without leave to amend. In recognition that discovery was then commencing, the court noted that Plaintiff could seek leave to amend his complaint in the event he discovered a basis for imposition of Monell liability. On July 25, 2017, the court granted Plaintiff's motion for leave to file the TAC.

**DISCUSSION**

**Legal Standards**

Fed.R.Civ.P. 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) dismissal is proper only in "extraordinary" cases. United States v. Redwood City, 640 F.2d 963, 966 (9th Cir.

1981). Courts should grant 12(b)(6) relief only where a plaintiff's complaint lacks a "cognizable legal theory" or sufficient facts to support a cognizable legal theory. Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990). Courts should dismiss a complaint for failure to state a claim when the factual allegations are insufficient "to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (the complaint's allegations must "plausibly suggest[]" that the pleader is entitled to relief); Ashcroft v. Iqbal, 556 U.S. 662 (2009) (under Rule 8(a), well-pleaded facts must do more than permit the court to infer the mere possibility of misconduct). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. at 678. Thus, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. The defect must appear on the face of the complaint itself. Thus, courts may not consider extraneous material in testing its legal adequacy. Levine v. Diamanthuset, Inc., 950 F.2d 1478, 1482 (9th Cir. 1991). The courts may, however, consider material properly submitted as part of the complaint. Hal Roach Studios, Inc. v. Richard Feiner and Co., 896 F.2d 1542, 1555 n.19 (9th Cir. 1989).

Finally, courts must construe the complaint in the light most favorable to the plaintiff. Concha v. London, 62 F.3d 1493, 1500 (9th Cir. 1995), cert. dismissed, 116 S. Ct. 1710 (1996). Accordingly, courts must accept as true all material allegations in the complaint, as well as reasonable inferences to be drawn from them. Holden v. Hagopian, 978 F.2d 1115, 1118 (9th Cir. 1992). However, conclusory allegations of law and unwarranted inferences are insufficient to defeat a Rule 12(b)(6) motion. In Re Syntex Corp. Sec. Litig., 95 F.3d 922, 926 (9th Cir. 1996).

Pleading Civil Rights Claims

Prior to Iqbal and Twombly, "a claim of municipal liability under § 1983 is sufficient to withstand a motion to dismiss even if the claim is based on nothing more than a bare allegation that the individual officer's conduct conformed to official policy,

custom, or practice." Whitaker v. Garcetti, 486 F.3d 572, 581 (9th Cir. 2007). In addressing the impact of Iqbal and Twombly on the pleading standards for civil rights cases, the Ninth Circuit has more recently stated:

> we can at least state the following two principles common to all of them. First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

AE ex rel. Hernandez v. County of Tulare, 666 F.3d 631, 637 (9th Cir. 2012) (quoting Starr v. Baca, 652 F.3d 1202 (9th Cir. 2011)).

**Municipal Liability**

Rather than analyze virtually identical arguments and allegations a third time, the court dismisses, with prejudice and without leave to amend, County and Gore as parties to the Monell cause of action for the reasons set forth in this court's February 8, 2017 order. While conclusory allegations to the effect that a state actor's conduct conformed to official policy, custom, or law used to be sufficient under Whitaker to state a claim under the former legal standard, Iqbal and Twombly raised the pleading bar to state a claim. Like the TAC at issue here, simply parroting the elements of a cause of action, supported by conclusory allegations, fail to state a claim. In recognition that a civil rights plaintiff frequently has limited, if any, access to information necessary to state a Monell claim at the beginning of the case, it is the court's practice, pursuant to Fed.R.Civ.P. 1, to permit a plaintiff to seek leave to amend the complaint after having conducted sufficient discovery to discover the contours of the Monell claim. Such a practice respects binding Supreme Court precedent and affords the civil rights plaintiff the opportunity to obtain discovery which is often uniquely within the possession of Defendants. The previous Order specifically informed Plaintiff that he could seek leave to amend the Monell claim if discovery so warranted. Here, while Plaintiff has conducted discovery, his Monell allegations

remain conclusory, insubstantial, and speculative. Under these circumstances, the court dismisses County and Gore with prejudice and without leave to amend.

Plaintiff alleges that County has a "pattern, practice and policy of illegally extracting blood from citizens without a warrant, consent" or probable cause. Similarly, Plaintiff alleges that deputies with the SDSD "have engaged in a number of acts of misconduct that have been condoned, ignored, or otherwise permitted to continue by the San Diego Sherif's Department through its supervisors and Defendant Gore" and the Individual Defendants were acting pursuant to the policy of County. (TAC ¶¶52, 54, 56, 96-99, 103, 107, 108; Oppo. at pp. 7:5-9:10). In the main, Plaintiff alleges, on information and belief, that County has the policy to withdraw blood without a warrant, consent or probable cause because he had his blood withdrawn without a warrant, consent or probable cause. Plaintiff cannot state a claim with such circular allegations. County may be "held liable only for those deprivations resulting from the decisions of its duly constituted legislative body or of those officials whose acts may be fairly said to be those of the municipality." Board of the County Comm'rs of Bryan County, Oklahoma v. Brown, 520 U.S. 397, 403-04 (1997). Plaintiff's conclusory allegations, standing alone and without any well-pled facts supporting his information and belief allegations, simply fail to give rise to a non-speculative inference that the challenged conduct is fairly attributable to County or Gore.[1] After having been given ample opportunity to engage in discovery to develop sufficient facts to buttress a Monell claim, Plaintiff has once again fallen short of the Iqbal and Twombly standard.

In sum, the court grants the motion to dismiss the Monell claims with prejudice and without leave to amend.

**The State Law Claims**

Defendants argue that the state law claims for excessive force, assault, battery,

---

[1] The court similarly rejects Plaintiff's sophistic and speculative argument that "[i]f Defendants did not have a policy of permitting this blood draw, then it would not have happened." (Oppo. at p.12:9-10).

intentional infliction of emotional distress, negligence, and violation of Cal.Civ.Code §52.1 are barred because Plaintiff failed to commence this action within the six-month limitation of Cal. Gov. Code §945.6. The record establishes that Plaintiff timely filed his claims on May 7, 2014, and that the claim was rejected in writing on June 24, 2014. (NOL, Exhs. A, B). To be timely, Plaintiff had six months or 182 days, in addition to any available tolling provided by Cal. Gov. Code §945.3. Section 945.3 provides, in pertinent part, that the six-month statute of limitations of §945.6 is tolled for those actions during which charges are pending.

Here, Defendants contend that charges were pending against Plaintiff until June 8, 2015. To substantiate this date, Defendants submit the dated jury verdict form as support. (NOL, Exh. C). Defendants then conclude that the present action, filed 186 days later on December 11, 2015, is time-barred. This argument is not persuasive. As noted in McAlpine v. Superior Court, 2098 Cal.App. 3d 1, 3 (1989), for purposes of tolling under §945.6, criminal charges are "pending" until the date of sentencing and judgment, not the date a jury verdict is returned. As Defendants fail to identify the date of entry of judgment, Defendants cannot prevail on their argument.

In sum, the court denies the motion to dismiss the state law claims.

**The Claim Against Defendant McNeil**

Under the California Code of Civil Procedure, Defendants contend that the claims against Defendant McNeil are untimely. As the Federal Rules of Procedure appear controlling in this action, and Defendants fail to analyze this issue, Defendants cannot prevail on their argument.[2]  See  Hanna v. Plumer, 380 U.S. 460 (1965). The motion to dismiss is denied.

In sum, the court dismisses County and Gore as parties to the §1983 Monell

///

///

---

[2] In addition, the court directs the parties' attention to the real party in interest rules of Fed.R.Civ.P. 17(a) and the relation back provisions of Rule 15(c).

- 7 -

15cv2796

claim with prejudice and without leave to amend, denies dismissal of the state law claims as time-barred, and denies the motion to dismiss Defendant McNeil.

**IT IS SO ORDERED.**

DATED: October 23, 2017

_____
Hon. Jeffrey T. Miller
United States District Judge

cc: All parties